IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE DIGGLES | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | CIVIL ACTION NO. 4:21-cv-2510 |
| VS. | § | |
| | § | |
| | § | |
| VICTOR ORLANDO REDMON AND | § | |
| P & S TRANSPORTATION, LLC | § | |
| | § | |
| DEFENDANTS. | § | |

## P & S TRANSPORTATION, LLC'S NOTICE OF REMOVAL

Defendant P & S TRANSPORTATION, LLC, ("P & S") files this Notice of Removal and would respectfully show the Court as follows:

### I.
### Background

1.      P & S TRANSPORTATION, LLC was sued in the cause styled *Stephanie Diggles vs. Victor Orlando Redmon and P & S Transportation, LLC.*, Cause No. CV-21-10151 in the 1st Judicial District Court of San Augustine County, Texas (the "Lawsuit"). The Lawsuit was filed April 28, 2021.

2.      Pursuant to L.R. 81, this instrument is accompanied by an index of the documents filed in state court and a copy of the state court file, which are attached as Exhibit "A."

### II.
### Timeliness and Venue

3.      Under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within thirty days of receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which plaintiff's action or proceeding is based. The plaintiff filed

1

this suit on April 28, 2021.  Service against P & S Transportation, LLC. occurred on April 29, 2021.  Accordingly, the notice of removal is timely.

4.      The Southern District of Texas, Houston Division, embraces the Judicial District Courts of Harris County, where the suit was originally filed.  Therefore, venue in this district is proper under 28 U.S.C. § 1441(a).

5.      This Notice of Removal is filed subject to and without waiver of any defenses or objections to the plaintiff's pleadings that P & S Transportation may have.

### III.
### Consent of All Defendants

6.      Under 28 U.S.C. § 1446(b)(2)(A) to remove an action to federal court, all defendants "properly joined and served" must consent to removal. Because Ronnie Gee Neville, as Representative of the Estate of Robert A. Neville, has not been served with suit, he need not consent to removal. P & S Transportation is the only Defendant to have been served and, to the extent it may be necessary, P & S Transportation consents to removal through this filing.

### III.
### Basis for Removal

7.      This case is removable based upon diversity jurisdiction because (1) there is complete diversity of citizenship among the proper parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441.

**A.      The Amount on Controversy Exceeds $75,000**

8.      Plaintiffs' live pleadings include an assertion that Plaintiffs seek monetary relief of over $1,000,000 from Defendants in exemplary damages under allegations of gross negligence. See Exhibit A, Plaintiff's Original Petition, at §2 ¶2.1, §7 ¶7.1, and § 8 ¶8.1.  This utterance establishes the amount in controversy exceeds the $75,000 minimum amount in controversy

necessary for this Court to exercise its diversity jurisdiction. See 28 U.S.C. § 1446(c)(2); *Lopez v. Trujillo*, 475 B.R. 550, 555 (N.D. Tex. 2012) *citing St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250 (5th Cir. 1998) and *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), cert. denied 516 U.S. 865, 116 S.Ct. 180 ("For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith"). "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). Evidence establishing this amount is only required if the allegation is challenged by the plaintiff or the court. *Id.* Therefore the amount in controversy requirement is met in this matter pursuant to Plaintiffs' petition and Defendant's allegation.

**B.      Complete Diversity Exists Between the Proper Parties to the Lawsuit**

9.      A removing defendant is required to allege that diversity of citizenship existed at the time of the filing of the suit and at the time of removal. *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993). Plaintiffs at time of filing alleged "Danielle Harris, Individually and as Next Friend of Minors D.H., J .H., A.H., G.H., and A.H., as Heirs of Anthony Harris, Jr., Deceased are residents of Harris County, Texas."  See Exhibit A, Plaintiffs' Original Petition, §3 ¶3.1. Therefore, for diversity purposes, Plaintiffs are citizens of Texas.

10.      Defendant P & S Transportation Supply Chain Solutions, LLC was a Delaware limited liability company for all times relevant to this dispute.  The citizenship of a limited liability company is determined by the citizenship of each member of the entity. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  At all times relevant to these proceedings, P & S Transportation maintained its principal place of business at 11810 Grand Park Avenue, Suite

500, North Bethesda, MD 20852.   P & S Transportation is owned 99.5 percent by P & S Transportation Supply Chain Solutions, LLC, a Maryland limited liability company that is solely owned by Sirish Vattam, a Maryland resident.   The remaining 0.05 percent of P & S Transportation is owned by Heighway, Inc., a Wyoming corporation.   Therefore, for diversity purposes, P & S Transportation is a citizen of the states of Delaware, Maryland and Wyoming.

11.      Ronnie Gee Neville, Representative of the Estate of Robert A. Neville is alleged to be an individual resident of Harris County, Texas.   See Exhibit A, Plaintiffs' Original Petition, §3 ¶3.3.   However, as shown below, Neville is an improper party.   Plaintiffs have improperly joined him solely for purposes of attempting to defeat diversity jurisdiction.   As such, and as shown below, his citizenship should not be considered for diversity purposes.

### C.      Neville was Improperly Joined to Defeat Diversity Jurisdiction

12.      The Court can disregard defendants who are improperly joined under the doctrine of fraudulent joinder. *Salazar v. Allstate Tex. Lloyd's, Inc*., 455 F.3d 571, 574 (5th Cir. 2006). The doctrine can apply to a non-diverse defendant regardless of whether the defendant is a local defendant. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376-77 (5th Cir. 2006). The doctrine applies when (1) the plaintiff has fraudulently pleaded jurisdictional facts to add the nondiverse or local defendant, (2) the plaintiff has no possibility of establishing a cause of action against the nondiverse or local defendant, or (3) the claims against the nondiverse defendant have no real connection to the claims against the other defendants. *See Davidson v. Georgia-Pac.*, L.L.C., 819 F.3d 758, 765 (5th Cir. 2016); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 (11th Cir. 1998); *Crockett v. R.J. Reynolds Tobacco, Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (citing *Triggs* with approval although not expressly adopting).

4

13.     In this instant case the Plaintiffs' claims against Neville are precluded by the exclusive remedies provision of the Texas worker's compensation act.  Thus, Plaintiffs have no possibility of establishing a cause of action against him.  Further, there is no evidence that Ronnie Gee Neville is in fact the lawful representative of the Estate of Robert A. Neville.  Thus Neville has no real connection to the claims against P & S Transportation or the occurrence giving rise to this lawsuit.

### D.     The Texas Workers Compensation Act Exclusive Remedy Provision

14.     At the time of the occurrence Anthony Harris was married to Danielle Harris. Exhibit A, Plaintiffs' Original Petition, §5, ¶5.2.  At the time of the occurrence, Defendant P & S Transportation was a Workers Compensation subscriber.  Plaintiff Danielle Harris has applied for workers compensation benefits arising from the death of her husband in the occurrence giving rise to this lawsuit.  The exclusive remedy provision of the Texas Workers Compensation Act is found in Texas Labor Code § 408.001.  This section reads in relevant part as follows:

(a)     Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

(b)     This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

(c)     In this section, "gross negligence" has the meaning assigned by Section 41.001, Civil Practice and Remedies Code.

15.     The above language is unambiguous.  Under § 401.001(a) the Act bars all causes of action against the "employer or an agent or employee of the employer for the death of . . .  the employee."  Section 408.001(b) contains a carve out for wrongful death claims, but only to the extent the wrongful death "was caused by an intentional act or omission of the employer or by the

employer's gross negligence." There is no carve-out exception for claims against a co-employee. Accordingly, Plaintiffs are barred from bringing a claim against Neville.

16.     Section 408.001(c) invokes the definition of "gross negligence as used in Texas Civil Practices & Remedies Code § 41.001.  This section defines "gross negligence" as an act or omission:

> (A)     which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> (B)     of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code Ann. § 41.001 (West)

17.     In §5, ¶5.1 of the Plaintiffs' Original Petition, the Plaintiffs allege the following:

> On or about June 6, 2021, around 11: 17 a.m., Robert A. Neville was traveling westbound in the right lane of I-40 in McKinley County, in New Mexico, operating an 18-wheeler on behalf of his employer, Defendant P & S Transportation. Anthony Harris, Jr., also an employee of Defendant P & S Transportation, was traveling with Robert A. Neville as a co-driver. While driving, Robert A. Neville failed to take notice that traffic had come to a stop up ahead. Despite being a clear and sunny day with no obstructions, Robert A. Neville rear-ended a stopped 18-wheeler (Werner truck). The Werner truck had stopped due to road construction. The impact was so violent that both Robert A. Neville and Anthony Harris, Jr. died.

18.     Assuming these allegations constitute allegations of gross negligence, an assumption P & S Transportation patently denies, Section 408.001(b) requires that the death must be caused by an intentional act or omission of the "**employer** or by the **employer's** gross negligence," not "an agent or employee of P & S Transportation."  At the time of the occurrence Robert A. Neville was a fellow employee of Anthony Harris, Jr.  Thus all claims against him are barred under § 408.001(a).

### E.     No Allegations of Gross Negligence

19.     P & S Transportation denies any gross negligence on behalf of Robert A. Neville and says the Plaintiffs' pleadings are insufficient to support any recovery for gross negligence. Plaintiffs' pleadings at best allege an accident with the cause unknown.  Gross negligence consists of both objective and subjective elements. See *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex.2001). Plaintiffs must prove by clear and convincing evidence that 1) when viewed objectively from the defendant's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and 2) the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012).

20.     Plaintiffs allege no act or omission made by Robert A. Neville which caused the accident that, when viewed objectively from the defendant's standpoint at the time of the event, involved an extreme degree of risk.  Plaintiffs further allege no facts supporting the allegation that Robert A. Neville had "actual subjective awareness of the risks involved" in said act or omission but proceeded anyway.  Plaintiffs' sole factual allegation is that Neville "failed to take notice that traffic had come to a stop up ahead."  Assuming this statement to be true, this is an act of simple negligence.  The failure of Plaintiffs to plead any facts to support their allegations of gross negligence against Robert A. Neville further show Neville was joined solely for purposes of defeating diversity jurisdiction.

**F.     P & S Transportation is Not Liable for The Alleged Gross Negligence of Robert A. Neville**

21.     Under Texas law, Robert A. Neville's gross negligence (if any) is not automatically imputed against his employer, P & S Transportation.  A corporation may be liable for exemplary damages only if it committed gross negligence through actions or inactions of a vice principal.

*Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 389 (Tex. 1997). A vice principal encompasses four classes of corporate agents: (a) Corporate officers; (b) those who have authority to employ, direct, and discharge servants of the master; (c) those engaged in the performance of nondelegable or absolute duties of the master; and (d) those to whom a master has confided the management of the whole or a department or division of his business. *Id* at 391. Again, Neville was employed solely as a driver. Assuming he committed any acts of gross negligence, the exclusive remedy provision of § 408.001(a) bars recovery against him, and, since he was not a vice principal of P & S Transportation, P & S Transportation cannot be held liable for said alleged acts or omissions. Neville's presence in these proceedings, therefore, is unnecessary. The Plaintiffs have no direct cause of action against him and P & S Transportation cannot be held liable for any alleged acts of gross negligence committed by him.

## G.   The Estate of Robert A. Neville is an Improper or Fictitious Party

22.    Plaintiffs by the face of their pleadings have unilaterally nominated Ronnie Gee Neville as the Representative of the Estate of Robert A. Neville. Plaintiffs filed suit a mere 12 days after the occurrence. Plaintiffs clearly determined to "sue now and ask questions later," an approach not allowed under either the Texas or Federal Rules of Civil Procedure. Plaintiffs owed reasonable obligations to the court and the other interested parties to investigate their claims as to the relationship between Ronnie Gee Neville and the Estate of Robert A. Neville and to take whatever actions might be appropriate to determine whether this action may proceed against Ronnie Gee Neville as a personal representative of the Estate of Robert A. Neville. Plaintiffs' failure to investigate their claims and establish a proper personal representative is inexplicable given that suit was filed only 12 days after the occurrence. There is no reasonable way to argue Plaintiffs did not have adequate time to investigate their claims and plead facts sufficient to show

8

the authority of Ronnie Gee Neville to serve as personal representative.  But Plaintiffs declined to use such time and instead rushed to the courthouse.  In fact, when the haste which with suit was filed is compared to the failure to request citation or serve Ronnie Gee Neville, it becomes obvious Plaintiffs are aware Ronnie Gee Neville as a personal representative of the Estate of Robert A. Neville is an improper and unnecessary party.  Clearly Neville was joined solely for the purpose of defeating diversity jurisdiction.  His presence is not necessary.

### Forum State Defendant Rule
### Does Not Apply And Removal is Proper

23.     Ronnie Gee Neville as a personal representative of the Estate of Robert A. Plaintiffs allege Ronnie Gee Neville has Texas citizenship.  But as the foregoing has shown Neville was improperly sued for the sole purpose of providing a forum state defendant to defeat diversity jurisdiction.   The forum state defendant rule is embodied at 28 U.S.C. § 1441(b)(2). Under it, a civil action that is otherwise removable under diversity of citizenship may not be removed if one or more of the parties in interest "properly joined and served as defendants" are citizens of the State in which the action was brought.  The Fifth Circuit has recognized that only parties properly served at the time of removal can be considered when evaluating the applicability of the forum state rule.  *See, Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 483 (5th Cir. 2020). Ronnie Gee Neville has not been served.  Therefore, the forum state defendant rule is inapplicable, and this case is removable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant P & S Transportation requests this Court assume full jurisdiction over the cause herein on the basis of diversity of citizenship.

Respectfully Submitted,

DONATO BROWN POOL & MOEHLMANN

By: */s/ Randy Donato*
    Randy Donato
    Attorney-In-Charge
    Fed. ID No.: 1760067
    SBN: 05973300
    3200 Southwest Freeway
    Phoenix Tower, Suite 2300
    Houston, Texas 77027-7525
    Phone: 713-877-1112
    Fax: 713-877-1138
    rdonato@donatobrown.com

**ATTORNEY FOR DEFENDANT**
**P & S TRANSPORTATION SUPPLY**
**SOLUTIONS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 4th day of August 2021, a true and correct copy of the above and foregoing was served in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF System on all counsel of record.

Jeff B. Badders
Matthew Hancock
Heath Badders
Badders Law Firm, PC
4002 North Street
Nacogdoches, Texas 75965

**Attorneys for Plaintiffs**

*/s/ Randy Donato*_____ _____
Randy Donato / William E. Calvert, II